**SHOW CHING LIN, also Known as Lu Chu Qiong, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 07–4710–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Susan Houser, Senior Litigation Counsel; Marion E. Guyton, Trial Attorney, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Show Ching Lin, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA denying her motion to reopen. *In re Show Ching Lin*, No. A076 781 175 (B.I.A. Sept. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Lin's untimely motion to reopen.

Contrary to Lin's assertion, there is nothing in the BIA's decision compelling the conclusion that it failed to take into account all of her evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006). Additionally, Lin cites no support for the prop-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

osition that the BIA abused its discretion because it failed to consider the evidence referenced in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), that was not in the record merely because it was in the record of a different case. Indeed, it was Lin's burden to present evidence to support her motion. See 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Nor will this Court remand for the agency to consider extra-record evidence. *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir.2007); *see also id.* at 263 (noting that the "regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence"). Accordingly, we cannot conclude that the BIA abused its discretion in declining to consider those documents. *See id.* at 262.

Moreover, we have previously reviewed the BIA's consideration of the evidence addressed in *Shou Yung Guo* and found no error in its conclusion that such evidence was insufficient to establish either material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Lin waives any argument seeking reopening based on her purported illegal departure from China. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).